[Cite as *Mutchler v. Ohio Dept. of Transp.*, 2015-Ohio-5357.]

| JENNIFER M. MUTCHLER | Case No. 2015-00430-AD |
|---|---|
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | MEMORANDUM DECISION |
| Defendant | |

{¶1} Jennifer Mutchler (hereinafter "plaintiff") filed this claim on April 30, 2015 to recover damages which occurred when her 2012 Volkswagen Jetta struck a large pothole on March 3, 2015 while she was traveling on I-670 West in Franklin County, Ohio. This road is a public road maintained by the Ohio Department of Transportation (hereinafter "ODOT"). Plaintiff's vehicle sustained damages in the amount of $509.79. Plaintiff maintains a collision insurance deductible of $500.00.

{¶2} In order to recover on a claim for roadway damages against ODOT, Ohio law requires that a motorist/plaintiff prove *all* of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by ODOT.

{¶4} That ODOT knew or should have known about the dangerous road condition.

{¶5} That ODOT, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the Court finds that the plaintiff did prove that her vehicle received damages and that those damages occurred as a result of the plaintiff's vehicle coming into contact with a dangerous condition on a road maintained by ODOT.

{¶7} The next element that a plaintiff must prove to succeed on a claim such as this is to show that the defendant knew or should have known about this dangerous

condition.   Based on the evidence presented, the Court is unable to find that the defendant had actual knowledge of the dangerous condition.   Likewise, the Court is unable to find that the defendant should have known about this dangerous condition and thus would have had constructive notice about the highway danger.   Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of...Notice presumed by law to have been acquired by a person and thus imputed to that person."  (Black's Law Dictionary at 1090 8th Ed. 2004.)

{¶8} In order for there to be constructive notice, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances the defendant should have gained knowledge of its existence.  This, the plaintiff has been unable to do.

{¶9} In the Investigation Report filed July 7, 2015, ODOT indicated that the location of the incident was on IR 670, between mile markers 1.45 and 0.95 in Franklin County.  This section of the roadway on IR 670 has an average daily traffic count of between 69,210 and 74,500 vehicles.   Despite this volume of traffic, ODOT had received no notice of a pothole on this roadway prior to plaintiff's incident.   Thus, the Court is unable to find that ODOT knew about the pothole.  Within the past six months, ODOT conducted one hundred eighty-seven (187) maintenance operations on IR 670 in Franklin County where this incident occurred.   If any pothole was present for any appreciable length of time, it is probable that it would likely have been discovered by ODOT work crews.   It is thus likely that the pothole developed only shortly before plaintiff struck it with her vehicle. Finally, the law in Ohio is that ODOT is not an absolute insurer of a motorist's safety on the highway.   The department is only liable for damage when the Court finds that it was negligent.  This the Court is unable to do.

{¶10} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

| | |
|---|---|
| JENNIFER M. MUTCHLER | Case No. 2015-00430-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | ENTRY OF ADMINISTRATIVE DETERMINATION |
| Defendant | |

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs shall be absorbed by the Court.

_____
MARK H. REED
Clerk

Entry cc:

Jennifer M. Mutchler
3880 Schirtzinger Road
Hilliard, Ohio 43026

Jerry Wray, Director
Ohio Department Of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio 43223

Filed 9/23/15
Sent to S.C. Reporter 12/21/15